**Francis BLEMOU, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 04–2595–AG.

United States Court of Appeals, Second Circuit.

March 31, 2006.

Charles Christophe, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Victoria J. Peters, Edmund Chang, Carole J. Ryczek, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Francis Blemou, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court will review the IJ's decision, as the BIA's decision consists of several paragraphs summarizing and agreeing with the IJ's observations. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

Blemou concedes that we do not have jurisdiction to review the discretionary decision of the BIA and IJ that his application for asylum was untimely. *See* 8 U.S.C. § 1158(a) (2005). However, Blemou argues that it would be a violation of due process if this Court were to prevent him from presenting his asylum claim on the merits, asking us to consider his invocation of extraordinary circumstances to excuse the filing delay. *See* 8 U.S.C. § 1158(a)(2)(D). We agree that we have jurisdiction to review this constitutional argument. *See* REAL ID Act of 2005, Pub.L. 109–13, 119 Stat. 231, § 106(a)(1)(A)(iii) (codified at 8 U.S.C. § 1252(a)(2)(D)); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151, 155 (2d Cir.2006). Having done so, we find no merit in the argument. Blemou "points to nothing in the record suggesting that [he] was denied a full and fair opportunity to present [his] claims; nor has [he] established that the IJ or BIA otherwise deprived [him] of fundamental fairness." *Xiao Ji Chen,* 434 F.3d at 155.

▮ Further, substantial evidence supports the agency's alternative determination that Blemou failed to establish eligibility for asylum as well as withholding of removal and relief under the CAT. Blemou testified that he had never been arrested for his political activism, that he had evaded arrest on one occasion, and that he had never been physically mistreated by the authorities. There is no indication that Blemou suffered severe harm rising to the level of persecution. *See, e.g., Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir. 2004). In relation to his fear of future persecution, Blemou testified that to his knowledge, the authorities were no longer looking for him, and that his brothers, also members of the Rally of Guinean People political party, were still living safely in Guinea. *See Matter of A–E–M,* 21 I. & N. Dec. 1157, 1998 WL 99555 (BIA 1998). Blemou's submitted background material primarily evidences his education, employment, and financial situation; he did not submit significant evidence establishing a well-founded fear of future persecution on account of his political activities. *See, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 398–99 (2d Cir.2005). Similarly, neither Blemou's testimony nor his documentary evidence support a finding that it is more likely than not that Blemou would face a threat to his life or freedom based on his political opinion or that he would be tortured upon his return to Guinea. *See id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).